**MONROE, Plaintiff-Appellant, v. LECKEY et, Defendants-Appellees.**

Ohio Appeals, Second District, Miami County.

No. 539. Decided December 15, 1956.

Shipman & Shipman, Troy, for plaintiff-appellant.
Faust & Harrelson, Troy, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal from a judgment of the Common Pleas Court dismissing plaintiff's petition.

The action was in ejectment, plaintiff asserting that she had the legal estate and was entitled to the possession of the real estate described in the petition and that the defendants unlawfully withheld its possession from her.

Before issue was drawn upon pleadings the court determined by entry that it would be to the best interest of the parties to define the legal rights of the plaintiff and defendants in the real estate and, inasmuch as it was agreeable to the parties that the question be presented on statement of fact, it was ordered that a stipulation of facts be prepared and submitted. This was done. Thereafter defendants answered, by general denial.

Plaintiff, in the prosecution of her claim, propounded three questions for determination of the trial judge:

"1. Did the will of William Dilbone create an entailed estate as to said real estate (121 acres), devised under Item 5 of his will?

"2. If so, in whom does the title to said real estate vest upon the death of Elmer Dilbone, testator's last surviving child, who died without issue?

"(a) Does such real estate pass as intestate property, i. e., to the heirs at law of William Dilbone, Ida Monroe, plaintiff, and to her defendant brothers and sisters?

"(b) Did title vest in fee simple in Elmer Dilbone on the death of his sister, Effie, who died without issue?"

To resolve the questions propounded, the court was required to construe the will of William Dilbone, deceased, and particularly Item 5 thereof, in the light of the agreed statement of facts.

The court held that the will of William Dilbone did not create an entailed estate under Item 5 thereof. That the title to the land described vested in fee simple in Elmer Dilbone upon the death of his sister. Effie; that there is nothing in Item 5 or any other part of the will of William Dilbone, deceased, which shows that the testator failed to devise any part of his estate or that he intended to create an estate different from that required by the application and rules stated in the court's opinion that the phrase "or the heirs of his body" does not create an estate tail, nor is an estate tail created by implication, but a "gift over in the event of the death of the first taker without children."

"The survivor not only takes the fee in one-half as the result of the gift over, but also in the other half, because of the failure of the gift over upon the death of the executory devisee prior to that of the first taker."

We are favored with the opinion of the trial judge and find it to be comprehensive and detailed, discussing and resolving every question raised by the pleadings and propounded by counsel for the parties.

It would serve no good purpose to restate the somewhat involved facts and to discuss the principles of law, the application of which is in

controversy, inasmuch as we are in agreement that the judgment is correct.

We are satisfied that the trial judge reached a sound conclusion in holding that the plaintiff had no title to the land described in the petition.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.